## Morris v. High Splint Coal Co.

(Decided March 26, 1937.)

G. G. RAWLINGS for appellant.

TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, and plaintiff below, R. V. Morris, is a colored man, about thirty-seven years of age, and has worked as a coal miner in different capacities for

more than twenty years. On December 10, 1934, he was employed by the appellee and defendant below, High Split Coal Company, as a loader of coal in its mines into the mining cars. Upon the occasion of his alleged accident, he was the sole laborer in his mine room. He had ordered the placing of five coal cars therein, but instead, he was furnished only three. The motorman, who pushed the cars into his room, had nothing to do with the laying of the track upon which the cars ran, and which supported them while being loaded. That duty was performed by another employee, and in doing so, he laid one of the rails in the track some five or six feet longer than the other one, which was the one on the far side from which the coal was to be and was loaded by plaintiff. In shoving the three cars into the room, the hindmost one (which was the front one entering the room) was pushed or stopped at a point where one of its hind wheels extended over the short rail some five or six inches, leaving it suspended in the air. It was considerably under the outer side of the car, and plaintiff positively testified that he did not see or observe the suspension of the wheel until after his alleged accident happened.

He testified that after he had filled, with his shovel or other implement, the back end of that car for about half its length, he then undertook, as was the custom, to place large lumps of coal on the top of the slack and smaller lumps with which that part of the car had been filled, and which he did with his hands. In trying to place near the rear end of that car (and over the suspended wheel) a large lump of coal thereon, it dropped so as to jerk the opposite hind wheel from its rail and to cause the car to tip, whereby the lump of coal that he attempted to so place fell back against him and caused him to fall on the floor of the mine with the lump of coal resting upon his groins. He pushed it off and then felt in that portion of his body a sharp stinging sensation, causing him to make an external examination, but he found no visible indications of injury. However, he discovered within a day or so thereafter a small hernia, but he continued to work thereafter for some time, and actually loaded twelve cars during the day of the accident. He continued at this job for some time, until he was discharged for some disobedience of the rules; but he later obtained work of a similar character elsewhere. Finally, as he claims, his injury grew worse,

and his ability to work and his earning power became considerably diminished.

Within less than a year (November 12, 1935) he filed this ordinary action in the Harlan circuit court against defendant, seeking the recovery of damages sustained by his alleged injury, which he fixed in his petition at $5,000. He alleged therein his employment, and that there were employed in the mine at which he was working more than twenty-five people, thereby making a case within the terms of our compensation statute (Ky. St. sec. 4880 et seq.), but that defendant had not accepted it and was operating its mine independently of it. As grounds for recovery, he alleged that defendant "operated and maintained its mine track in his *working place* and its coal cars in such a careless and negligent manner as to cause him to be permanently injured upon his body," etc. (Our italics.) He further alleged that such dangerous condition was known to the defendant, or could have been known by the exercise of ordinary care, and was unknown to him, nor could he have discovered it in time to prevent the accident. No demurrer was filed to the petition, and the answer denied the grounds of recovery, followed by a plea of contributory negligence, in which it was averred that such contributory negligence was the *sole* cause of plaintiff's injury. That italicized word was necessary in order to make the plea of contributory negligence available in the circumstances, since it is the unvarying rule, following the express provisions of the statute, that an employer who is eligible to the terms of the compensation act, and does not accept it, may not rely on assumption of risk, contributory negligence, or any of such common-law defenses to an action like this, unless they are the sole cause of plaintiff's injury. See High Splint Coal Co. v. Baker, 247 Ky. 426, 57 S. W. (2d) 60. That plea was denied by reply, and, upon trial, the court at the close of plaintiff's testimony sustained defendant's motion for a peremptory instruction in its favor, followed by a verdict in accordance therewith, and a dismissal of plaintiff's petition. To reverse that judgment, he prosecutes this appeal after his motion and grounds for a new trial were overruled.

Learned counsel for defendant cite a number of cases from this court, holding that an action based upon the failure of the master to furnish his servant a

safe place to work, or to furnish him safe tools and appliances, must be specially pleaded, since such failures are not embraced in a general charge of negligence, they being regarded as an exception to the rule that a general charge of negligence permits the introduction of any act of negligence whereby the servant was injured. But we do not regard those cases as applicable here, since the language we have inserted from the petition, embodying the charge of negligence, is plainly susceptible to the interpretation that plaintiff's complaint *is* based on a non-safe working place, or failure to properly and safely adjust coal cars and tracks upon which they rest, and which, as will be seen from the language, is specifically averred. Conceding, therefore, that the motion for a peremptory instruction saved the question of defective pleading, so as to make the defects, if any, available to defendant, notwithstanding there was a failure to demur to the pleading, the alleged defect is not available in this case, for the manifest reason that there is none as is argued by counsel.

Plaintiff was the only witness who testified as to how his alleged injury was produced, there being only one other witness who testified at all, and he was the physician, who stated that the hernia which he had treated for plaintiff could have been produced in the manner described by plaintiff in his testimony. Plaintiff's testimony on the material issues, therefore, must, for the purposes of a peremptory instruction, be admitted as true, and especially so, when it is not confused with contradictory statements to such an extent as to totally destroy it, and in this case it was not in that condition. He distinctly stated that he knew nothing of the suspended wheel; that he lifted the lump of coal and got it upon the top of the car, and that there was nothing out of the ordinary in his making such an attempt, but, on the contrary, it was in accordance with customary methods; that the wheel over which he was attempting to place the large lump of coal, being suspended, the car tilted towards him, which jerked the opposite hind wheel off its rail and shoved the car towards him and his load (the lump of coal) causing him to fall upon the mine floor with the lump of coal on top of him. He was nowhere made to swerve in the slightest from that account of what happened.

Defendant's counsel cite a number of cases from this court wherein we held that a servant must be the

judge of his physical power and ability to perform an act that he undertakes, such as trying to lift a large object (such as a lump of coal), and in doing so sustains a strain, resulting in a more or less permanent injury and physical impairment. Those cases are not applicable here, but they would be if plaintiff had sustained the injury in which he complains *before* he put the lump of coal upon top of the car he was loading, and whereby the negligent act of providing a suspended wheel did not contribute to the producing of the injury.

However, plaintiff's testimony plainly shows that he would not have been injured, as he describes, had it not been for such negligent omission on the part of defendant. It might be that, if this were an action not affected by our compensation act, the cases referred to would be applicable, since it might then be said that plaintiff's failure to observe the conditions and refrain from undertaking to load the particular car with its wheel suspended, would be available under a plea of contributory negligence, since such failures and omissions on his part might well be classified as either contributory negligence or assumption of risk. But those defenses, as we have seen, are eliminated from cases conditioned, as this one is, by the express terms of our compensation statute, unless they are the sole cause of the injury complained of, and where no negligence of defendant in any wise contributed thereto.

We deem it unnecessary to cite the cases so relied on by defendant's counsel in their brief, since they are not questioned by opposite counsel, nor can any fault be found with them. However, for the reasons stated, they are not applicable to the facts of this case, and because of which we are forced to the conclusion that the learned trial judge erred in sustaining defendant's motion for a peremptory instruction in its favor.

Wherefore, for the reasons stated, the judgment is reversed, with directions to sustain the motion for a new trial and for proceedings consistent with this opinion.